

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

April 9, 1952

Hon. Sam W. Davis
District Attorney
Houston, Texas

Opinion No. V-1433

Re: Liability of the county
from which a criminal
cause is removed on
change of venue for the
expenses of a special
venire in the county
to which the case was
transferred.

Dear Sir:

Your request for an opinion of this office reads in part as follows:

"A person charged with murder in Harris County was tried in Tom Green County on a change of venue. Upon completion of the trial Tom Green County, through its District Clerk, under date of February 29th, 1952, billed Harris County not only for the cost of the regular jury selected to try the Defendant, but also for the cost of the Special Venires, which Bill of Cost reads in part as follows:

"'November 26, 1951,
    Special Venire, . . . . $  56.00
  February 21, 1952,
    Special Venire, . . . .    422.00
  February 29, 1952,
    Regular Jury, . . . . .    528.00
        'Total, . . . . . . . $1,006.00.'

"It is admitted that Harris County is liable in the sum of $528.00, being the expenses of the regular jury, but is Harris County liable for the expenses of the Special Venire on November 26th, 1951, in the sum of $56.00, and the Special Venire on February 21st, 1952, in the sum of $422.00, a total of $478.00?"

Articles 560 to 563, V.C.C.P., provide for a change of venue under certain circumstances.

Article 587, V.C.C.P., provides:

"A 'special venire' is a writ issued in a capital case by order of the district court, commanding the sheriff to summon such a number of persons, not less than thirty-six, as the court may order, to appear before the court on a day named in the writ; from whom the jury for the trial of such case is to be selected."

Articles 1050 and 1051, V.C.C.P., provide:

"In all causes where indictments have been presented against persons in one county and such causes have been removed by change of venue to another county, and tried therein, the county from which such cause is removed shall be liable for all expenses incurred for pay for jurors in trying such causes."

"The county commissioners of each county at each regular meeting shall ascertain whether, since the last regular meeting, any person has been tried for crime upon a change of venue from any other county. If they find such to be the case they shall make out an account against such county from which such cause was removed showing the number of days the jury in such case was employed therein, and setting forth the amount paid for such jury service; such account shall then be certified to as correct by the county judge of such county, under his hand and seal, and be, by him, forwarded to the county judge of the county from which the said cause was removed; which account shall be paid in the same manner as accounts for the safe keeping of prisoners."

Article 1056, V.C.C.P., reads in part as follows:

"Each juror in the district or ciminal district court, county court or county

court at law, except special veniremen and talesmen challenged on their voir dire whose pay is now fixed by law, shall receive Four Dollars ($4) for each day and for each fraction of a day he attends court as such juror, to be paid out of the jury fund of the county. . . ."

It is our opinion that the word "jurors" as used in Article 1050 does not have the narrow meaning of persons who are actually accepted on the jury, but includes all persons who attend court in response to a summons for jury service in connection with that particular case. The purpose of Article 1050 was to place the jury expense in these cases on the county in which the case originated. The pay of special veniremen is necessarily a part of the jury expense in cases where special venires are required. Articles 602 to 625, V.C.C.P., relating to the formation of a jury in capital cases, refer to those persons who are summoned as "jurors" even though they are not selected to serve as members of the jury for the trial of the case. Likewise, Article 1056 in providing that "each juror . . . except special veniremen . . . challenged on their voir dire" shall receive a certain pay for attending court includes special veniremen within the general term of "juror." We believe that the term "jurors" as used in Article 1050, when considered with these other statutory provisions, includes members of special venires.

In view of the foregoing, it is our opinion that Harris County is liable for the expense of both of the special venires called in the case which was tried in Tom Green County on a change of venue from Harris County.

## SUMMARY

A county in which a case originated is liable for the expense of special

venires where the case is tried in
another county on a change of venue.

Yours very truly,

APPROVED:

PRICE DANIEL
Attorney General

J. C. Davis, Jr.
County Affairs Division

Mary K. Wall
Reviewing Assistant

By  *Bruce Allen*
Bruce Allen
Assistant

Charles D. Mathews
First Assistant

BA:mh